IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| THE STATE OF MAINE, through the MAINE DEPARTMENT OF ENVIRONMENTAL PROTECTION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:16-cv-00217-JAW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**CONSENT DECREE**

WHEREAS, Plaintiff the State of Maine (the "State") filed the Complaint herein against Defendant the United States of America ("United States"), alleging that the United States is a potentially responsible party under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9601 *et seq.*, in connection with the Hooper Sands Road site in South Berwick, Maine ("Hooper Sands Site" or the "Site") as defined herein;

WHEREAS, the State alleges that the Maine Department of Environmental Protection ("MDEP"), an agency of the State, incurred response costs within the meaning of CERCLA with respect to the Site and seeks to recover past response costs from the United States in this action;

WHEREAS, the State and the United States agree that settlement of this case is in the public interest, that settlement of this matter will avoid the costs and uncertainties of further

litigation, and that entry of this Decree is the most appropriate means of resolving the claims against the United States in this case;

WHEREAS, this Decree is intended to constitute a complete and final settlement of the State's claims set forth in the Complaint regarding the Site; and

WHEREAS, the Court finds that this Decree is a reasonable and fair settlement of the claims in this case, and that this Decree adequately protects the public interest.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I.  JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over claims in the Complaint, pursuant to 28 U.S.C. § 1331 (Federal Question), and 42 U.S.C. §§ 9607 and 9613(b) (CERCLA).   This Court has personal jurisdiction over the Parties.

2.     Venue is proper in the District of Maine pursuant to 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 1391(b) and (c), because the United States conducts business in this District, the Site are located in this District, the alleged releases occurred in this District, and the causes of action alleged in this matter arose in this District.

## II.  PARTIES BOUND

3.     The obligations of this Decree shall apply to and be binding upon the United States and the State, including their respective officers, agents, and employees.

III.  DEFINITIONS

   4.  Unless otherwise expressly provided herein, terms used in this Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Decree, the following definitions shall apply:

    a.  "Effective Date" shall mean the date that this Decree is entered by the Court.

    b.  "Past Response Costs" shall mean all costs of "response" as that term is defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), incurred by the State for response actions conducted prior to January 1, 2015, at or in connection with the Site, as defined herein.

    c.  "Hooper Sands Site" or the "Site" shall mean the real property located along the Hooper Sands Road in South Berwick, York County Maine, consisting of six (6) contiguous parcels of land, generally depicted in Town of Casco tax records as Lot 4 (51.21 acres), Lot 4B (1.84 acres), Lot 4-1 (1.94 acres), Lot 4-2 (1.85 acres), Lot 40 (66.28 acres) and Lot 54 (60 Acres) on Tax Map 13, fully described and recorded in the York County Registry of Deeds in Plan Book 14642 on page 447, in book 15253 on page 236, in book 15938 on page 309, in book 14950 on page 459, in book 9586 on page 207,  and book 15463 on page 620, together along with areas of soil and groundwater that were affected by contamination originating on these properties.  The site is generally shown on the map included in Appendix A.

3

   d. "State of Maine" or the "State" means the State of Maine and all of its departments, agencies, and instrumentalities, by and through the Office of the Maine Attorney General.

   e. "United States" means the United States of America and all of its departments, agencies, and instrumentalities.

IV. <u>SCOPE AND EFFECT OF CONSENT DECREE</u>

 5. This Decree was negotiated and executed by the State and the United States in good faith and at arm's length and is a fair and equitable compromise of claims, which were vigorously contested.

 6. This Decree shall constitute a full and final resolution between the State and the United States with respect to the claims asserted in the Complaint.

 7. This Decree is not to be interpreted as an admission on the part of any Party of any issue of fact or law, or liability or wrongdoing, and it is expressly understood that no Party, by agreeing to this Decree, admits liability of any sort or any other issue of fact or law.

V. <u>REIMBURSEMENT OF PAST RESPONSE COSTS</u>

 8. Subject to paragraph 10, as soon as reasonably practicable after the Effective Date, the United States will pay $110,665.00 to the State. Payment shall be made by Electronic Funds Transfer in accordance with instructions provided by the State, payable to the Maine Uncontrolled Site Fund that is administered by:

  Maine Department of Environmental Protection
  Bureau of Hazardous Materials and Waste Management
  Division of Remediation

>State House 17
>Augusta, Maine  04333-0017
>Attn:  David Wright, 207-446-4366

9.      If such payment is not made in full within one-hundred and twenty (120) days after either the Effective Date, or the date upon which the State provides the United States with payment instructions, whichever is later, then interest on the unpaid balance shall be paid commencing on the 121st day after such later date.  Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

10.     Said payment by the United States is subject to the availability of funds appropriated for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or any other applicable federal law.

## VI.  COVENANT NOT TO SUE

11.     In consideration of the receipt by the State of the payment in paragraph 8 of this Decree, and except as otherwise specifically provided in this Decree, the State covenants not to sue or to take administrative action against the United States pursuant to Section 107 or Section 113 of CERCLA, 42 U.S.C. §§ 9607, 9613, or any other applicable State or federal laws, including common law, with respect to the Past Response Costs at the Site.  This covenant extends only to the United States and does not extend to any other person.

12. In consideration of the receipt of the payment required by Paragraph 8 of this Decree, and subject to the limitations in Paragraph 13, the State hereby discharges, and covenants and agrees not assert (by way of the commencement of an action, the joinder of the United States in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which it may have had, or hereafter have, including, but not limited to, claims under CERCLA sections 107 and 113, against the United States for Past Response Costs, including but not limited to Past Response Costs associated with off-site contamination that may be emanating from the Site.

13. The signing of this Decree and each Party's consent to comply shall not limit or otherwise preclude MDEP from taking additional action pursuant to the powers granted to it under State and/or federal environmental laws and regulations: (a) to address violations of such laws or regulations not otherwise addressed by this Decree; (b) to reduce or eliminate risks to public health or the environment that were not known to MDEP at the time of approval of this Decree; or (c) to assert against the United States any natural resource damages claims or actions regarding the Site brought on behalf of the State or a state natural resource trustee.

14. The United States hereby covenants not to sue the State for Past Response Costs, except that the United States specifically reserves its right to assert against the State any claims or actions regarding the Site brought on behalf of the United States Environmental Protection Agency, any federal lead agency under the National Contingency Plan, or a federal natural resource trustee. Notwithstanding any other provision of this Decree, the United States also

retains all authority and reserves all rights to take any and all response actions authorized by law at the Site.

## VII.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

15. Nothing in this Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

16. The Parties agree, and by entering this Decree this Court finds, that this settlement constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the United States is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for Matters Addressed in this Consent Decree.  "Matters Addressed" means all Past Response Costs.

17. The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Decree and to secure

and maintain the contribution protection contemplated in this Decree.  Nothing in this Decree is intended to be construed to mean that the State would provide indemnification to the United States in the event of a claim for contribution.

## VIII.  OTHER CLAIMS

18. This Decree does not extend to or inure to the benefit of any party, person, or entity, other than the State and the United States, and nothing in this Decree shall be construed to make any other party, person, or entity a third-party beneficiary of this Decree.  Furthermore, nothing in this Decree is intended to be, nor shall be construed as, a waiver, release, or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the United States or the State may have against any person, firm, partnership, trust, corporation or any other entity that is not a party to this Decree.

19. The State certifies, based on its knowledge and belief, that as of the Effective Date, the State has not been reimbursed for the portion of the Past Response Costs for which it will receive reimbursement or payment by the United States under this Decree.   The State shall not seek or accept reimbursement or payment for the Past Response Costs paid pursuant to this Decree from any other entity or through future federal government contracts, grants or other agreements.

## IX.  RETENTION OF JURISDICTION

20. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Decree.

## X. COSTS OF SUIT

21.     Subject to paragraph 8, each party to this Decree shall bear its own costs and attorneys' fees in this action.

## XI.  SIGNATORIES/SERVICE

22.     Each of the undersigned certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind the Party he or she represents to this document.

23.     This Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

      IT IS SO ORDERED.

Dated and entered this 3rd day of May, 2016.

      /s/ John A. Woodcock, Jr.
      JOHN A. WOODCOCK, JR.
      UNITED STATES DISTRICT JUDGE

ON BEHALF OF THE STATE OF MAINE:


/s/ Avery Day                                              12/15/15
Avery T. Day, Acting Commissioner                          Date
Maine Department of Environmental Protection



/s/ Peter B. LaFond                                        12/21/15
Peter B. LaFond, Assistant Attorney General                Date
Maine Office of Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8511

ON BEHALF OF THE UNITED STATES:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division


/s/ Amy J. Dona                                          Dated: 3/14/2016
Amy J. Dona
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-0223

Appendix A, site sketch.

12